IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00972-MSK-MJW

CONTINENTAL CREDIT CORPORATION,

Plaintiff,

v.

DANIEL MALONEY,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the Court on Defendant's Uncontested Motion to Set Aside Entry of Default and Request to File Answer Out of Time (Docket No. 28). In the motion, Defendant asks the Court to set aside the Clerk of the Court's entry of default (Docket No. 14).

Pursuant to Fed. R. Civ. P. 55(c), a "court may set aside an entry of default for good cause . . . ." Fed. R. Civ .P. 55(c). In determining whether to vacate the entry of default for good cause, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense. *See Gilmore v. Carlson*, 72 F.App'x 798, 801 (10th Cir. 2003). The Court need not consider each of these factors and may consider other factors in its discretion. *Hunt v. Ford Motor Co.*, 65 F.3d 178, *3 (10th Cir. 1995) (table decision) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir.1992)). Guiding the Court's analysis is the principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").

Defendant argues that he was out of the state on the date he was allegedly served and therefore was not aware of this lawsuit. (Docket No. 28 at 2.) The Court, therefore, concludes that Defendant is not culpable for his failure to timely appear in this action. *See United States v. Timbers Pres., Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) (citing 6 James W. Moore et al., Moore's Federal Practice ¶ 55.10[1] (2d ed.1992)), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820, 825 (1996); *see also United States v. $285,350.00 in U.S. Currency*, 547 F.App'x 886, 887 (10th Cir. 2013) (unpublished decision).

Plaintiff does not oppose the motion, therefore, the Court concludes that setting aside the entry of default will not prejudice Plaintiff.

Defendant argues that he has a meritorious defense to Plaintiff's claims. (Docket No. 28 at 2.) However, "because the Court finds that two of the three [*Gilmore*] factors tip in favor of granting the [motion], the Court need not address the third factor in order to determine that good cause exists to set aside the entry of default." *Apex Mobility Transp., LLC v. First Transit, Inc.*, No. 14-cv-02645-REB-MEH, 2015 WL 59553, at *3 (D. Colo. Jan. 2, 2015).

For these reasons, it is hereby

**ORDERED** that Defendant's Uncontested Motion to Set Aside Entry of Default and Request to File Answer Out of Time (Docket No. 28) is **GRANTED**.  Accordingly, it is further

**ORDERED** that Defendant shall respond to the Complaint (Docket No. 1) on or before March 1, 2016.  It is further

**ORDERED** that a Scheduling Conference is **SET** for April 7, 2016 at 11:00 a.m. It is further

**ORDERED** that the parties shall file the proposed scheduling order on or before March 31, 2016.

Date: February 16, 2016